**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costs Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Kathleen Holt

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KATHLEEN HOLT, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FOODSTATE, INC, d/b/a MEGAFOOD, d/b/a INNATE RESPONSE FORMULAS,**<br><br>**Defendant.** | Case No.:   **'15CV0078 L      NLS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND RESTITUTION FOR VIOLATIONS OF CALIFORNIA'S BUS. & PROF. CODE §§ 17200 ET SEQ.; CALIFORNIA'S BUS. & PROF. CODE §§ 17500 ET SEQ.; CALIFORNIA'S HEALTH AND SAFETY CODE § 110660; NEGLIGENT AND INTENTIONAL MISREPRESENTATION.**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

**INTRODUCTION**

1. KATHLEEN HOLT ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint to challenge the actions of FOODSTATE, INC, d/b/a MEGAFOOD, d/b/a INNATE RESPONSE FORMULAS ("FoodState" or "Defendant") with regard to Defendant's false promotion of its One Daily Multivitamin product[1] as, *inter alia*, primarily consisting of and providing vitamins and nutrients from whole foods[2] as opposed to synthetically created vitamins or processed extracts and failure to disclose the presence and use of magnesium stearate. The nationwide advertising, promotion, marketing, packaging and selling of FoodState's One Daily Multivitamin content constitutes: (a) a violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 et seq., (b) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 et seq.; (c) California Health and Safety Code § 110660; (d) negligent misrepresentation and (e) intentional misrepresentation. This conduct caused Plaintiff and the putative class members damages, and requires restitution to remedy and/or prevent further damages.

2. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

---

[1] Plaintiff also seeks to represent putative class members who purchased products substantially similar to FoodState's One Daily Multivitamin products which claim to provide vitamins, minerals or nutrients from whole foods and/or conceal the presence and use of magnesium stearate.

[2] Such as Carrots, Cabbage, Broccoli, Oranges, Organic Brown Rice, Cranberries and Blueberries, and Saccharomyces Cerevisiae (nutritional yeast). *See* http://www.megafood.com/our-foodstate-nutrients

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

**Kazerouni Law Group, APC**

## NATURE OF ACTION

3. The term "whole food" is regularly use by manufacturers, such as FoodState, to describe a product that has been processed or refined as little as possible, remains in its nature, but dehydrated, state and is free from additives or other artificial or processed substances.

4. The term "whole food" is used to convey the message that the product is a healthier and more natural choice than competing products that contain overly processed, extracted or synthetic ingredients, have lost their potency, and that the product is superior, more natural and even worth a premium price because of the benefit.

5. At all times relevant, FoodState has made, and continues to make, affirmative misrepresentations and/or omissions regarding its One Daily Multivitamin product. Specifically, the One Daily Multivitamin product, which has been packaged, advertised, marketed, promoted and sold by FoodState to Plaintiff and other consumers similarly situated, was represented by Defendant to contain "whole foods" as a substantial ingredient, i.e., "fresh carrots for mixed carotenoids, broccoli for folate, whole green cabbage for vitamin K, oranges for vitamin C, organic brown rice for vitamin E, antioxidant-rich fruits like cranberries and blueberries for protective phenolic compounds, and nutritional yeast for B vitamins and minerals."[3]

6. Although One Daily Multivitamin contains some whole food ingredients, One Daily Multivitamin contains little vitamins, minerals and/or nutrients from whole foods (or much less than consumers reasonably expect based upon Defendant's representations as alleged herein), a fact that Defendant knew and purposely failed to disclose (or adequately disclose) to consumers. The product, One Daily Multivitamin, consists of mostly

---

[3] *See:* http://www.megafood.com/authentic-nourishment

Kazerouni Law Group, APC

synthetically produced vitamins and minerals, as it is scientifically impossible, without genetically engineered whole foods, to provide the amount of vitamins and minerals from the amounts of whole foods that Defendant purports to use to obtain the levels of vitamins and minerals as labeled on its packages.

7. To this day, Defendant has taken few, if any meaningful steps to clear up consumers' misconceptions regarding the One Daily Multivitamin product, including Defendant's intentional and or negligent omission regarding the presence and use of magnesium stearate.

8. As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other consumers similarly situated have purchased One Daily Multivitamin under the false impression that, by consuming the product they would be enjoying the healthful and nutritional benefits associated with a product which they reasonably believed, based upon Defendant's representations alleged herein, at least substantially contained vitamins and minerals from whole foods only and did not contain magnesium stearate.

9. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations and/or omissions, which are prominently displayed on the product's packaging for One Daily Multivitamin, as well as on Defendant's website, prior to purchasing the product.

10. Defendant completely omitted from its labeling and advertising the fact that One Daily Multivitamin contains magnesium stearate,[4] which is or may be

---

[4] "Magnesium stearate is a … potentially harmful additive found in many supplements." http://articles.mercola.com/sites/articles/archive/2012/06/23/whole-food-supplement-dangers.aspx, accessed August 22, 2013. Magnesium stearate is formed by adding a magnesium ion to stearic acid and is a compound that has lubricating properties, which is why it is often used in the making of supplements, as it allows the machinery to run faster and smoother, and prevents the pills or capsules from sticking to each other. Research has shown that stearic acid suppresses T cells—your natural killer cells—which are a key component of your

harmful to consumers by, among other things, negatively impacting the body's immune system.

11. As a result of Defendant's representations and/or omissions regarding One Daily Multivitamin, Plaintiff and other consumers similarly situated overpaid for the product because the value of the product was diminished at the time it was sold to consumers. Had Plaintiff and other consumers similarly situated been made aware that One Daily Multivitamin contained little whole food based vitamins and minerals (or much less than consumers reasonably expect based upon Defendant's representations alleged herein), in the presence of magnesium stearate, they would not have purchased One Daily Multivitamin, would have paid less for it, or purchased a different resveratrol supplement.

12. As a result of Defendant's false and misleading statements and failures to disclose (or adequately disclose), as well as Defendant's other conduct described herein, Plaintiff and other consumers similarly situated purchased several thousands of units of One Daily Multivitamin and have suffered, and continue to suffer, injury in fact.

13. Defendant's conduct violates several California state and federal laws, as alleged more fully herein.

14. This action seeks, among other things, restitution of all amounts unlawfully retained by Defendant from Defendant's wrongdoing alleged herein.

## JURISDICTION AND VENUE

15. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), as the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which the named Plaintiff is a citizen of a State different from Defendant.

16. Defendant sells its products in a great number of retails stores across

immune system. *Id*.

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

California, as well as a website from which it sells its One Daily Multivitamin products to consumers. Plaintiff believes that Defendant has sold in excess of $5,000,000 worth of its One Daily Multivitamin products to consumers.

17. This Court has personal jurisdiction over Defendant because Defendant does business in the State of California, is incorporated in the State of New Hampshire, has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that Defendant resides within the judicial district and many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)   is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b)   does substantial business within this district;

    (c)   is subject to personal jurisdiction in this district; and

    (d)   the harm to Plaintiff occurred within this district.

## PARTIES

19. Plaintiff is, and at all relevant times was, a natural person residing in the State of California, County of San Diego.

20. Plaintiff is informed and believes, and thereon alleges, that Defendant's principal place of business is 8 Bowers Road, Derry, New Hampshire, 03038, and is incorporated under the laws of the State of New Hampshire, and does business within the State of California and this district.

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

**GENERAL ALLEGATIONS**

21.  FoodState, is a leading producer in the United States of health supplements purported to be created from whole foods. Defendant sells One Daily Multivitamin in varying quantities, including 30, 60, 90, and 180 count, throughout the United States, including in California.

22.  It has been recently believed that nutrients, vitamins, and minerals are healthier, more natural and ultimately better for you if they are derived from whole foods through gentle minimal processing and heat-free manufacturing. FoodState calls the process they developed and use the "Slo-Food Process."[5] Defendant markets and promotes its products and processes through many mediums but particularly through their website and YouTube videos. At no time does Defendant mention the use of synthetic or processed nutrients.

23.  During the "Class Period" as defined in paragraph 125, Plaintiff was exposed to and saw Defendant's advertising, marketing, promotional and packaging claims, purchased FoodState's One Daily Multivitamin in reliance on these claims, and suffered injury in fact and lost money as a result of Defendant's unfair, misleading and unlawful conduct described herein.

24.  Plaintiff is a generally health conscious person who often shops at health foods stores and supplement shops. Purity, the natural state of health supplements and accuracy of a product's labeling is important to Plaintiff.

25.  Prior to purchasing FoodState's One Daily Multivitamin, Plaintiff visited FoodState's website, where Defendant advertised its One Daily Multivitamin product in addition to FoodState's overall methods and processes.

Kazerouni Law Group, APC

[5] http://www.megafood.com/slo-food-process

**CLASS ACTION COMPLAINT**

26. Health conscious people, like Plaintiff, typically rely on a company's representations, including representations found on a company's website, when purchasing that company's products, especially representations about the source of the nutrients or that the product is solely from whole foods and does not contain magnesium stearate as FoodState markets it's One Daily Multivitamin.

27. On March 13, 2014, Plaintiff purchased a bottle of One Daily Multivitamin (60 tablets) from a retailer in La Mesa, California, because Plaintiff had been exposed to representations by Defendant, including those on Defendant's website, that FoodState's One Daily Multivitamin was formulated from whole foods, and did not contain magnesium stearate.

28. Plaintiff paid $36.99 pre-tax for FoodState One Daily Multivitamin.

29. Plaintiff was seeking a dietary health supplement that was from whole foods as she believed that nutrients from whole foods where more effective, potent, bioavailable and simply more natural and would likely result in substantial health benefits, such as longevity of life and other health benefits. Plaintiff further sought out a product that was not tainted by synthetically produced vitamins and minerals, excessive processing (such as extracts are subject to), and did not contain magnesium stearate.

30. Plaintiff trusted the "FoodState" and "MegaFoods" brand name because of Defendant's claims and wide-spread marketing of the high quality and whole food nature of its products and Plaintiff's interest in such advertised quality. Plaintiff reasonably relied upon the representations on FoodState packaging and various forms of advertisement, such as by internet, rather than performing in-depth independent research into the truthfulness or accuracy of Defendant's representations.

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

31. Plaintiff consumed the One Daily Multivitamin product subsequent to purchasing it.

32. Sometime after purchasing and consuming One Daily Multivitamin, Plaintiff leaned that it was likely that One Daily Multivitamin did not provide the stated amount of vitamins and minerals from the stated amounts of whole foods as listed by Defendant on the One Daily Multivitamin supplemental facts or promoted on Defendant's website.

33. Plaintiff was shocked to learn that it is impossible to provide the stated amount of vitamins and minerals from the quantity of whole foods purported to use to derive the value of vitamins and minerals.

34. Further, Plaintiff was shocked to learn that magnesium stearate was included in the One Daily Multivitamin, but was only listed and referenced by Defendant under a generic term, "vegetable lubricant."

35. Defendant's many representations concerning the One Daily Multivitamin led Plaintiff to believe that the One Daily Multivitamin was created from only whole foods, without synthetically produced ingredients, excessive processing or magnesium stearate.

36. With the alleged nutritional and health benefits of whole foods becoming more widely known, consumer demand for whole food nutrients has increased significantly over the past few years. Defendant hopes to profit from such research and discovery by selling its products, such as One Daily Multivitamin, and differentiating from other multivitamin products by claiming that it contained vitamins and minerals from whole food sources, lacked excessive processing and not synthetically produced.

37. The words "Fresh from Farm to Tablet" and "whole food multivitamin" appear on the packaging along with relatively large images of fresh fruits and vegetables.  Defendant makes claims of "Fresh from Farm to Tablet" with all of its products.

38. Defendant seeks to capitalize on consumers' preference for whole food and health supplements with the association between such foods and supplements and a wholesome and healthy way of like. Defendant is aware that consumers are willing to pay more for whole food supplements and vitamins because of this association, as well as the perceived higher quality, health and safety benefits with products labeled as "whole foods."

39. In making Plaintiff's decision to purchase One Daily Multivitamin, Plaintiff relied upon, *inter alia*, the labeling, packaging, advertising and/or other promotional materials prepared and approved by Defendant and its agents and disseminated through its packaging, advertising, marketing, promotion, and/or through local and national advertising media, including Defendant's internet websites, media and in-store advertisement, containing the misrepresentations and/or omissions alleged herein.

40. On Defendant's website, and as purchased in stores, FoodState d/b/a MegaFoods advertises and labels the One Daily Multivitamin (60 tablet) as follows:

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

Kazerouni Law Group, APC



22   41. As seen above, the packaging prominently displays the purported whole
23        foods contained within: Carrots, Cabbage, Broccoli, Oranges, Organic
24        Brown Rice, Cranberries and Blueberries. Defendant clearly does not state
25        that its product is, for example, "Made with Whole Foods" and instead goes
26        as far as labeling its product as a "Whole Food *Multivitamin*..." (emphasis
27        added).
28

**CLASS ACTION COMPLAINT**

42. The Supplemental Facts label which accompanies the above label and is also provided on Defendant's website, is even more deceptive and is as follows:

## Supplement Facts
**Serving Size 1 Tablet**

| Amount per Serving | | % DV ▼ |
|---|---|---|
| **FoodState Nutrients** 🌐 | | |
| Vitamin A ................(100 mg†; carrots) | 5000 IU | 100 |
| As Alpha & Beta Carotene with Mixed Carotenoids (Cryptoxanthin, Lutein, Zeaxanthin, Lycopene) | | |
| Vitamin C................(240 mg†; oranges) | 60 mg | 100 |
| Vitamin D3 ........(8 mg†; *S. cerevisiae*) | 400 IU | 100 |
| Vitamin E* ..(60 mg†; organic brown rice) | 15 IU | 50 |
| Vitamin K....................(7 mg†; cabbage) | 65 mcg | 81 |
| Thiamine (B-1)....(20 mg†; *S. cerevisiae*) | 5 mg | 333 |
| Riboflavin (B-2) ..(50 mg†; *S. cerevisiae*) | 5 mg | 294 |
| Niacinamide......(80 mg†; *S. cerevisiae*) | 20 mg | 100 |
| Vitamin B-6.........(30 mg†; *S. cerevisiae*) | 6 mg | 300 |
| Folate......................(40 mg†; broccoli) | 400 mcg | 100 |
| Vitamin B-12........(3 mg†; *S. cerevisiae*) | 15 mcg | 250 |
| Biotin.........(60 mg†; organic brown rice) | 300 mcg | 100 |
| Pantothenic Acid ..(40 mg†; *S. cerevisiae*) | 10 mg | 100 |
| Calcium ............(40 mg†; *S. cerevisiae*) | 2 mg | <1 |
| Iron ...................(90 mg†; *S. cerevisiae*) | 4.5 mg | 25 |

| Amount per Serving | | % DV ▼ |
|---|---|---|
| Iodine ......................(5 mg†; *S. cerevisiae*) | 75 mcg | 50 |
| Magnesium..............(40 mg†; *S. cerevisiae*) | 2 mg | <1 |
| Zinc ......................(120 mg†; *S. cerevisiae*) | 6 mg | 40 |
| Selenium ................(25 mg†; *S. cerevisiae*) | 25 mcg | 36 |
| Copper....................(10 mg†; *S. cerevisiae*) | 100 mcg | 5 |
| Manganese .............(24 mg†; *S. cerevisiae*) | 1.2 mg | 60 |
| Chromium (GTF)......(23 mg†; *S. cerevisiae*) | 45 mcg | 38 |
| Molybdenum ...........(10 mg†; *S. cerevisiae*) | 20 mcg | 27 |
| Potassium .............(708 mg†; *S. cerevisiae*) | 4 mg | <1 |
| Boron......................(50 mg†; *S. cerevisiae*) | 500 mcg | ** |
| **FoodState Farm Fresh Fruit Blend** ........... | 10 mg | ** |
| Whole Orange (natural source bioflavonoids), Wild Blueberry (natural source anthocyanins), Cranberry (natural source proanthocyanidins) | | |
| **Digestive Enzymes** .................................... | 6 mg | ** |
| Amylase, Cellulase, Protease, Lipase | | |

*Full spectrum of mixed tocotrienols and tocopherols ** % Daily Value (DV) not established †Total Weight FoodState Nutrient to Deliver Daily Value

43. The effect of Defendant's label (front & supplemental facts) is to communicate that the product is composed primarily or wholly of these whole fruits and vegetables, since there are supposed to be great health benefits associated with whole foods. As a result, purchasers are likely mislead and deceived by the product's label and other forms of marketing and advertising, and as a result purchasers reasonably expect that One Daily Multivitamin actually consists primarily from whole foods, when in facts, this is not the case.

44. Based on this label, the consumer is informed and does believe that all of the nutrients are naturally occurring in and derived from the whole food listed in the parenthetical to the right of the nutrient.

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

45. According to this label, 60mg of Vitamin C was derived from the inclusion of 240mg of oranges. Specifically, the orange powder manufactured through FoodState's Slo-Food Process contained 25% Vitamin C.

46. This claim is simply too good to be true. Oranges are not the highest Vitamin C containing product on the market and therefore it would not be financially reasonable to use oranges to provide the bulk of the Vitamin C. In fact, Camu Camu (*Myrciaria dubia*) and the Kakadu plum (*Terminalia ferdinandiana*) are far higher sources of Vitamin C with the Kadadu plum containing 1,000 to 5,300 mg of Vitamin C per 100,000 mg of fruit (0.1% to 5.3%) compared with 50 mg of Vitamin per 100,000 mg of orange fruit.[6]

47. Further, as oranges are a naturally occurring product, they naturally have variances in nutrient and vitamin content from season to season or batch to batch (even individual fruit to individual fruit). To state that 240mg of oranges always yields 60mg of Vitamin C, as Defendant has done for years and years, is simply unrealistic, false and deceptive.

48. In reality, Defendant is using a orange power where synthetic Vitamin C, or ascorbic acid, has been added to standardize it to contain 60mg of Vitamin C per 240mg of orange powder. The same is true for Defendant's claims regarding the vitamins, minerals and nutrients that purportedly are naturally occurring and provided by the carrots, *Saccharomyces cerevisiae*, organic brown rice and broccoli in its One Daily Multivitamin.

49. Lastly, nowhere on the label does Defendant list magnesium stearate, as other manufacturers commonly and clearly do in a non-deceptive manner in the "Other ingredients" section of their labels. Instead, Defendant, knowing the consumer dislike for magnesium stearate, deceptively disguises the use

---

[6] *See*:
http://www.nt.gov.au/health/healthdev/health_promotion/bushbook/volume2/chap3/strategies.html#localfoods and
http://en.wikipedia.org/wiki/Terminalia_ferdinandiana#cite_note-1

**CLASS ACTION COMPLAINT**

of magnesium stearate as "Vegetable Lubricant", a description that no common consumer would suspect is magnesium stearate irrespective of the compound's industry known machine lubricating properties and potential vegetable source.. Defendant's use of magnesium stearate is necessary in tablet manufacturing and allows Defendant to operate its machines faster and cheaper while producing cheaper tablets (as opposed to vegetable capsules or other methods). To avoid the use of magnesium stearate, Defendant could have produced capsules of its product or selected other plant based lubricants.

50. Reasonable consumers do not expect to be ingesting magnesium stearate, when consuming the One Daily Multivitamin product, since Defendant completely failed to include on the product's label and in Defendant's advertising that One Daily Multivitamin contains magnesium stearate, which is or may be harmful and certainly undesirable to consumers.

51. Plaintiff and consumers similarly situated are simply not informed by Defendant exactly how much whole food or synthetic sources are used to provide the listed amount of vitamins and minerals from each capsule, even though they are paying a premium for the product due to Defendant's advertising, marketing, and other misrepresentations.

52. In addition to the deceptive label, Defendant deceptively describes its One Daily Multivitamin and its manufacturing principals and methods on its interactive website which is accessible to the general public. As explained below, Defendant's website conveys the marketing and/or advertising message in a calculated way to lead the consumers to believe that the product primarily contains nutrients from whole foods, when in fact it also contains synthetically derived nutrients.

**CLASS ACTION COMPLAINT**

53. MegaFood, one of FoodState's brands, markets itself "as pioneers in the natural products industry, being the first company to make vitamins from scratch, with farm fresh whole foods."[7]

54. MegaFood continues its claims explaining the following on its website:

**Fresh from Farm To Tablet**[8]

MegaFood has made whole food supplements for 40 years and we take great pride in knowing we deliver the promise of farm fresh foods to you in every product we make. Doing this is not easy, yet we believe farm fresh whole foods are the best way to deliver authentic nourishment and not just vitamins and minerals alone.

To make dietary supplements that provide the most authentic nourishment possible, we first begin with sourcing fruits, vegetables and whole grains from our Farm Fresh Farm Partners throughout the United States and Canada. We work with family-owned farmers known for their commitment to grow with care and ethical farming practices. Each season we receive freshly harvested foods right at our back door, where they are then rigorously examined for quality, prior to beginning their journey through our privately-owned facility and one-of-kind Slo-Food Process™.

To retain the freshness of the foods we source from the farm to each tablet we produce, our Slo-Food Process was designed to be slow and gentle. This means we do not expose the foods to damaging temperatures that diminish the foods nutritional value, nor destroy any of the colorful aromatic compounds that give a freshly harvested food its color, taste and nutritional punch! By preserving freshness of the foods we source, we believe it makes all the difference in our products and your health.

**Our FoodState Nutrients**[9]

At MegaFood, we care about doing things the right way –

---

[7] http://www.megafood.com/about-us4
[8] http://www.megafood.com/fresh-from-farm-to-tablet
[9] http://www.megafood.com/our-foodstate-nutrients

Kazerouni Law Group, APC

we never take shortcuts, and we never compromise on quality or things that matter. This is why we make our own FoodState Nutrients from scratch in our state-of-the-art facility in New Hampshire. FoodState Nutrients are made with fresh and local foods. Crafted with our Slo-Food Process™, they deliver the most authentic nourishment available, which we believe the body recognizes as whole food.

It took a combination of research, ingenuity, and passion to create our FoodState Nutrients. The initial challenge was how to best capture the vital nutrition of a farm fresh food and deliver it to our customers in a bottle. With this goal in mind, we partnered with a team of scientists at the University of New Hampshire. Together, we conducted extensive research to develop scientifically validated methods to craft our FoodState Nutrients. Today we produce over 30 unique FoodState Nutrients from Vitamin A to Zinc. Each one of our FoodState Nutrients has a unique recipe to deliver an optimal level of a specific vitamin or mineral, which has been tested for potency assurance and purity.

The foods we source to deliver our nutrients are below:
- Carrots to deliver mixed-carotenoids, or vegetarian sourced Vitamin A
- Cabbage to deliver Vitamin K1
- Broccoli to deliver Folate
- Oranges to deliver Vitamin C
- Organic Brown Rice to deliver full spectrum Vitamin E and Biotin
- Saccharomyces cerevisiae to deliver B Vitamins, Vitamin D and Minerals
- Cranberries and Blueberries to deliver protective antioxidants

**Fresh & Local**[10]

MegaFood has been making whole food supplements with farm fresh food for 40 years. We're committed to sourcing fresh and local foods from family owned farmers throughout the United States and Canada to deliver the wholesome nutrition your body needs. We take pride in

---

[10] http://www.megafood.com/fresh-a-local

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

knowing the freshly harvested fruits, vegetables and organic brown rice that arrive right at our back door are what make the difference in our products and in your health.

**Our One-of-a-Kind Slo-Food Process™[11]**

The best way to consume essential vitamins and minerals is by eating a variety of fresh, colorful foods – fruits, vegetables and whole grains. At MegaFood we go out of our way to start with fresh, ripe-harvested whole foods that will provide our customers with a broad array of essential vitamins, minerals and micro-nutrients, just as Nature intended.

We are mindful of the fact that standard manufacturing processes can destroy many of the delicate phytonutrients that play a key role in supporting health. Because MegaFood is committed to delivering authentic nourishment and not just vitamins alone, we have no other choice than to do things differently. To help us understand how to best protect these health supportive nutrients, we partnered with researchers at the University of New Hampshire. Together we developed the unique Slo-Food Process™ which is used to make our MegaFood products.

Just as the name implies, the Slo-Food Process is a slower, gentler way of making whole food supplements. The process was designed to optimize the potency of a vitamin or mineral within the phytonutrient rich whole foods selected to create our FoodState Nutrients™. Each and every step, from farm to tablet, was designed with the ultimate goal in mind – to create supplements that make a noticeable difference on your journey toward optimal health.

The foods we use, sourced from farms as close to home as possible, are delivered fresh frozen to the doorstep of our own manufacturing facility in Londonderry, New Hampshire. It is here, in our MegaFood kitchen, that the Slo-Food Process takes place. We use cold-milling to help break down indigestible plant fibers and enhance digestibility, natural enzymatic pre-digestion to improve bioavailability and gentle

[11] http://www.megafood.com/slo-food-process

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

drying to maximize nutrient retention. Heat-free tableting and glass bottles ensure that the foods are as nutrient rich when they reach our customer as they were when they were delivered to us in their fresh, raw form.

Made with love in New Hampshire since 1973, we have been serving our customers for almost 40 years. We look forward to providing you the best in whole food supplements for many more years to come.

**Authentic Nourishment - More Than Just Vitamins Alone**[12]

Simply put, MegaFood is dedicated to crafting the highest quality whole food supplements possible, which to us, means starting with a variety of nourishing foods. For MegaFood, this includes fresh carrots for mixed carotenoids, broccoli for folate, whole green cabbage for vitamin K, oranges for vitamin C, organic brown rice for vitamin E, antioxidant-rich fruits like cranberries and blueberries for protective phenolic compounds, and nutritional yeast for B vitamins and minerals.

There are many other vitamins to choose from, but no other whole food supplement makes their own nutrients, or sources as many fresh foods as we do. The colorful spectrum of foods we select provide a comprehensive blend of phytonutrients and trace minerals not found in isolated vitamin supplements.

55. Plaintiff's claim that Defendant's website is misleading and deceptive is based on specific marketing and/or advertising content, which Defendant displays on its website, distinct from the misleading aspects of the product label. Specifically, the misleading and deceptive website content was not required by the FDA labeling requirements. Instead, Defendant voluntarily selected each of the features on the website in order to maximize its impact on consumers seeking to obtain information concerning One Daily Multivitamin. However, Defendant's website does not adequately inform consumers that the bulk of the vitamins and minerals in the One Daily

---

[12] http://www.megafood.com/authentic-nourishment

Kazerouni Law Group, APC

Multivitamin are some synthetic or processed nutrients, not from whole foods. Plaintiff claims that Defendant's website violates the laws alleged herein, not that the website violates FDA regulations.

56. The scope of Defendant's advertising of One Daily Multivitamin is wide-spread. One Daily Multivitamin is marketed in California and throughout the nation. Defendant has advertised it One Daily Multivitamin product during the Class Period.

57. In addition, Plaintiff is informed and believes, and thereupon alleges, that Defendant has also engaged in other forms of advertising and/or marketing of One Daily Multivitamin, including social media, print advertisements, point-of-purchase displays, radio advertising, and national in-store programs. Through the uniform deceptive and misleading advertising and marketing campaigns, Defendant leads consumers to believe that the primary, or sole, ingredients in the product providing vitamins and minerals are whole foods.

58. As a result of this campaign, the average consumer, unaware that the product actually contains little or no whole foods (or much less than consumers reasonably expect) and uses magnesium stearate to bind the product into tablet form, has purchased the product believing the main and active sources of vitamins and minerals are whole foods. While there likely are whole foods included in One Daily Multivitamin, a significant amount of the vitamins and minerals are derived from added processed or synthetic nutrients.

59. Moreover, consumers' confusion is reasonable, given that whole foods typically thought of as an excellent source of nutrients, vitamins, and minerals, and a product advertised and/or promoted as made from whole foods should primarily contain whole foods as the ingredient that provides the vitamins and minerals, not synthetic sources.

Kazerouni Law Group, APC

60. Plaintiff's claim that Defendant's product label and associated advertising is misleading and deceptive does not seek to bring a private action against the product's formal name and labeling in areas for which the Food and Drug Administration ("FDA") has promulgated regulations implementing the Federal Food and Drug and Cosmetic Act ("FFDCA"). Plaintiff's claim is, instead, predicated on the fact that the labeling and associated advertising is misleading and deceptive even if in compliance with the minimum requirements set forth by the FDA. Indeed, compliance with the minimum requirements is necessary, but it is not sufficient to determine whether a product's label is false and misleading, and simply does not provide a shield from liability. *See e.g., Wyeth v. Levine*, 129 S. Ct 1187, 12012 (2009).

61. Plaintiff's state law claims are aimed at the features of the labeling of One Daily Multivitamin and associated advertising that are voluntary, and not required by the FDA regulations, which Defendant selected in order to maximize the label's deceptive impact upon Plaintiff and other consumer's similarly situated. Defendant made the decision to so label its product because of its marketing strategy. Indeed, Defendant's strategy misleads consumers to buy One Daily Multivitamin as a result of this deceptive message; and Defendant has been successful thus far, earning millions of dollars annually from sales of One Daily Multivitamin throughout the nation within the last few years.

62. Defendant's misrepresentation specifically lies within its efforts to appear as though it was complying with FDA regulations. The formatting, and structure of the labels and nutritional information appears to the consumer to be accurate and in compliance. However, the fact remains that the amount of vitamins and minerals stated to be included within the product were not entirely obtained from the whole food sources listed, and therefore the labeling is misleading. Specifically, Defendant uses a dagger (†) to

Kazerouni Law Group, APC

Kazerouni Law Group, APC

denote the phrase "Total Weight of Food State Nutrient to Deliver Daily Value" leading the consumer to believe that, for example, 240 mg of Defendant's oranges provide 60 mg of naturally occurring (within the orange) Vitamin C.

63. As a result of Defendant's representations and/or omissions, Plaintiff overpaid for One Daily Multivitamin purchased by Plaintiff because the value of the product was diminished at the time of the sale. Had Plaintiff been aware that One Daily Multivitamin included little vitamins and minerals from whole foods (or much less than consumers reasonably expect), and contained magnesium stearate, Plaintiff would not have purchased it, would have paid less for it, or would have purchased a different multivitamin. For all the reasons stated herein, Plaintiff suffered injury in fact and has lost monies as a result of Defendant's actions.

64. Defendant produces and/or sells One Daily Multivitamin in bottles of 30, 60, 90, and 180 capsules.

65. Defendant's packaging, labeling and marketing of these multivitamin products is likewise false or misleading for the same or substantially similar reasons that Defendant's representations and/or omissions regarding One Daily Multivitamin (60 capsules) is false or misleading and in violation of California law as alleged herein.

66. Defendant's One Daily Multivitamin product is not the only product produced and/or sold by Defendant purporting to contain whole food nutrients and/or magnesium stearate, as Defendant produces and/or sells other dietary supplements purporting to contain whole food nutrients and not contain magnesium stearate under its two brands, MegaFoods and Innate Response Formulas, including:

**CLASS ACTION COMPLAINT**

**MegaFoods**[13]:

    a.    Adrenal Strength®

    b.    Alpha Teen™

    c.    Baby and Me™

    d.    Baby and Me™ - CA Blend

    e.    Baby and Me™  Herb Free

    f.    Baby and Me™  Herb Free – CA Blend

    g.    Balanced B Complex

    h.    Balanced Minerals

    i.    Blood Builder®

    j.    Bone

    k.    Boosters

    l.    Calcium

    m.    Calcium, Magnesium & Potassium

    n.    Complex C

    o.    E & Selenium

    p.    Extinguish™

    q.    GTF Chromium 100 mcg

    r.    Kid's One Daily

    s.    Kid's B Complex

    t.    Kid's Vitamin D3

    u.    Magnesium

    v.    Medi-Safe™

    w.    Men Over 40™

    x.    Men Over 40™ - CA Blend

    y.    Men Over 40™ One Daily

    z.    Men Over 55™

---

[13] http://www.megafood.com/

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kazerouni Law Group, APC

aa.   Men's

bb.   Men's – CA Blend

cc.   Men's One Daily

dd.   One Daily

ee.   One Daily Iron Free

ff.   Prostate Strength™

gg.   Quercetin Strength™

hh.   Skin, Nails & Hair™

ii.   Skin, Nails & Hair™ - CA Blend

jj.   Selenuim

kk.   Thyroid Strength®

ll.   Ultra C-400

mm.   Un-Stress®

nn.   Vegan B12™

oo.   Vegan Daily™

pp.   Vegan Protect™

qq.   Vision Strength®

rr.   Vitamin D3 1000 IU

ss.   Vitamin D3 2000 IU

tt.   Women Over 40™

uu.   Women Over 40™ - CA Blend

vv.   Women Over 40™ One Daily

ww.   Women Over 55™

xx.   Women's One Daily

yy.   Women's One Daily – CA Blend

zz.   Women's

aaa.   Zinc

**CLASS ACTION COMPLAINT**

**Innate Response Formula**[14]:

a.  Antioxidants - 90 tablets

b.  B Complex - 180 tablets

c.  B Complex - 90 tablets

d.  Baby & Me™ Trimester I & II - 120 tablets

e.  Baby & Me™ Trimester III & Post - 120 tablets

f.  Food Multi III BioMax - 180 tablets

g.  Food Multi III BioMax - 90 tablets

h.  GTF Chromium - 90 tablets

i.  Homocysteine Response™ - 90 tablets

j.  Iron Response - 90 tablets

k.  JCTH® - 180 tablets

l.  JCTH® - 90 tablets

m.  Men Over 40 One Daily Iron Free - 60 tablets

n.  Men Over 40™ Iron Free - 120 tablets

o.  Mens One Daily Iron Free - 60 tablets

p.  One Daily - 90 tablets

q.  One Daily Iron Free - 90 tablets

r.  Proteolytic Enzyme Clinical Strength - 120 capsules

s.  Selenium - 90 tablets

t.  Tension Defense™ - 114 G

u.  Thyroid Response® Complete Care - 90 tablets

v.  Vitamin C-400 - 180 tablets

w.  Vitamin D-3 2,000 IU - 180 tablets

x.  Vitamin D-3 2,000 IU - 60 tablets

y.  Vitamin D-3 2,000 IU - 90 tablets

z.  Women Over 40™ - 120 tablets

[14] http://www.innateresponse.com/pindex.asp

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

aa.   Women Over 40™ - 60 tablets

bb.   Women Over 40™ One Daily - 60 tablets

cc.   Womens Multi - 60 tablets

dd.   Womens One Daily - 60 tablets

67.  Plaintiff's allegations regarding One Daily Multivitamin are applicable to these other products claiming to contain whole food nutrients and disguising the use of magnesium stearate, as Defendant made the same or substantially similar representations and omissions concerning these other products as Defendant did concerning its One Daily Multivitamin.

68.  Further, though these products do not falsly hide the presence of magnesium stearate, Defendant produces and/or sells other dietary supplements purporting to contain whole food nutrients, under its two brands, MegaFoods and Innate Response Formulas, including:

**MegaFoods**[15]:

a.  Acute Defense

b.  Daily Energy

c.  Daily C Protect

d.  Daily Tumeric Nutrient Booster

e.  Turmeric Strength for Whole Body

**Innate Response Formula**[16]:

a.   Acute Defense

69.  Plaintiff's allegations regarding One Daily Multivitamin are applicable to these other products claiming to contain whole food nutrients, as Defendant made the same or substantially similar representations and omissions concerning these other products as Defendant did concerning its One Daily Multivitamin.

---

[15] http://www.megafood.com/all-products
[16] http://www.innateresponse.com/pindex.asp

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

70. Additionally, Defendant produces, markets, and sells the following nutritional supplements without disclosing the presence of magnesium stearate, under its two brands, MegaFoods and Innate Response Formulas, including:

**MegaFoods**[17]:

    a.  Dream Release™

    b.  Tension Release™

    c.  Wild Blueberry

**Innate Response Formula**[18]:

    b.  Adrenal Response® - 60 tablets

    c.  Adrenal Response® - 90 tablets

    d.  Adrenal Response® Complete Care - 90 tablets

    e.  Allergy Response™- 60 capsules

    f.  C Complete Powder 81 G

    g.  CoEnzyme B Complex - 60 capsules

    h.  Complete Multi Powder 195 G

    i.  CoQ10 - 100 mg 30 capsules

    j.  CoQ10 - 100 mg 60 capsules

    k.  DysBio-GI - 90 capsules

    l.  Gluco-Defense™ - 60 capsules

    m.  Immune Response™ - 60 capsules

    n.  Inflama-Complete™ - 90 Capsules

    o.  One Daily Cap - 60 capsules

    p.  Vessel Defense™ - 60 capsules

    q.  Vitamin D 5,000 IU - 60 capsules

Plaintiff's allegations regarding One Daily Multivitamin are applicable to

---

[17] http://www.megafood.com/all-products
[18] http://www.innateresponse.com/pindex.asp

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

these other products containing magnesium stearate, as Defendant made the same or substantially similar representations and omissions concerning these other multivitamin products as Defendant did concerning its One Daily Multivitamin containing magnesium stearate.

## I.  FIRST CAUSE OF ACTION FOR VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500 ET SEQ. (California's False Advertising Law)

71.  Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if set forth fully herein.

72.  Plaintiff brings this cause of action on behalf of herself and on behalf of the putative class.

73.  The misrepresentations, acts and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore violates Business & Professions Code §§ 17500 et seq.

74.  At all times relevant, Defendant's advertising and promotion regarding One Daily Multivitamin was untrue, misleading and likely to deceive the public and/or has deceived the Plaintiff and California consumers similarly situated by representing that the product contained vitamins and minerals source from only whole foods, not synthetic or processed nutrients and that the product did not contain magnesium stearate when in fact defendant knew and failed to disclose that the product contained synthetic or processed vitamins. Furthermore, Defendant failed to disclosure the presence of magnesium stearate on its labeling and as part of its advertising and marketing.

75.  State law claims based on a food products misleading and deceptive labels are expressly permitted when they impose legal obligations identical to those of the FFDCA and its implementing FDA regulations, including FDA regulations concerning naming and labeling. *See e.g.*, *In re Farm Raised*

Kazerouni Law Group, APC

*Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008).   Plaintiff's § 17500 claim that the label of the One Daily Multivitamin product is false or misleading imposes legal obligations identical to 21 U.S.C. § 343(a) of the FFDCA, which states that, "a food shall be deemed to be misbranded…[i]f (1) its labeling is false or misleading in any particular[.]" Further, section 343(a) of the FFDCA is not subject to express preemption provision set forth in 21 U.S.C. § 343-1 of the FFDCA.

76. Defendant engaged in the false and/or misleading advertising and marketing alleged herein with the intent to directly or indirectly induce the purchase of One Daily Multivitamin.

77. In making and disseminating the statements and and/or omissions alleged herein, Defendant knew or should have known that the statements and and/or omissions were untrue or misleading, and acted in violation of California Business & Professions Code §§ 17500 et seq.

78. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's false advertising, as more fully set forth herein. Plaintiff and members of the class have been injured because they overpaid for One Daily Multivitamin, since the value of the supplement was diminished at the time of sale. Plaintiff and members of the putative class have been injured because had they been made aware that the One Daily Multivitamin product contains vitamins and minerals from synthetic or processed sources and little vitamins and minerals from whole foods, (or much less than consumers reasonably expect based upon Defendant's representations alleged herein), and contained magnesium stearate, they would have not purchased the supplement, would have paid less for it, or would have purchased a different One Daily Multivitamin supplement.

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

79. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of untrue and misleading advertising and promotion of One Daily Multivitamin, as defined by Business & Professions Code §§ 17500 et seq., by engaging in the false advertising and promotion of One Daily Multivitamin as "made with fresh and local foods," and from "whole foods" along with prominently depicting fruits and vegetables across the front of the packaging, as described above.

80. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers in that they will continue to mislead consumers to purchase One Daily Multivitamin on false premises.

81. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, the One Daily Multivitamin product, due to the unlawful acts of Defendant, during the Class Period.

## II.  SECOND CAUSE OF ACTION FOR VIOLATION OF CAL. HEALTH & SAFETY CODE §§ 110660 (California's Sherman Law)

82. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as set forth fully herein.

83. Plaintiff brings this cause of action on behalf of herself and on behalf of the putative class.

84. State law claims based on a food product's misleading and deceptive label are expressly permitted when they impose legal obligations identical to the Federal Food, Drug, and Cosmetic Act ("FFDCA") and its implementing

FDA regulations, including FDA regulations concerning naming and labeling. *See e.g.*, *In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). The Sherman law expressly incorporates into California law all of the food labeling regulations adopted pursuant to the FFDCA. Plaintiff's § 17200 claim that the label of the One Daily Multivitamin product violates California Health & Safety Code § 110660 imposes legal obligations identical to 21 U.S.C. § 343(a) of the FFDCA. Since § 110660 imposes the identical legal obligation that "any food is misbranded if its labeling is false or misleading in any particular," part of Plaintiff's section 17200 claim (*infra*), which is based in part on § 110660, is expressly permitted and not preempted by the FFDCA. Further, § 343(a) of the FFDCA is not subject to express preemption provision set forth in 21 U.S.C. § 343-1 of the FFDCA.

85. Section 110660 states, "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875, et seq. (the "Sherman law"). Defendant has violated § 110660 because the product label misleads and deceives consumers into believing that the One Daily Multivitamin product contains vitamins and minerals from whole foods, when it does not contain minerals and vitamins from whole foods (or much less than consumers reasonably expect based upon Defendant's representations alleged herein), and instead provides the vitamins and minerals from synthetic or processed sources.

86. Further, the product label misleads and deceives consumers into believing that One Daily Multivitamin does not contain magnesium stearate when it in fact does contain magnesium stearate.

### III. THIRD CAUSE OF ACTION FOR VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.
### (California's Unfair Competition Law)

87. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

88. "Unfair competition" is defined in Business and Professions Code Section § 17200 as encompassing any one of the five types of business "wrongs," three of which are at issue here: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; and (3) a "fraudulent" business act or practice. The definitions in § 17200 are disjunctive, meaning that each of these five "wrongs" (Plaintiff alleges three of them here) operates independently from the others.

89. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17201.  Section 17204 authorizes a private right of action on both an individual and representative basis.

### a.   "Unlawful" Prong

90. Because Defendant has violated California's False Advertising Law, Business & Professions Code §§ 17500 et seq., as well as California's Health and Safety Code § 110660, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 et seq., which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

91. There were reasonably available alternatives to further Defendant's legitimate business interest, other than the conduct described herein.

92. Plaintiff and the putative class reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

## b. "Unfair" Prong

93. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200, in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Without limitation, it is an unfair business act or practice for Defendant to knowingly and negligently represent to the consuming public, including Plaintiff, that One Daily Multivitamin provides vitamins and minerals primarily from whole foods, when in fact, the majority of the vitamins and minerals are from synthetic or processed sources. Defendant's business practices, and each of them, are "unfair" because they offend established public policy and/or are in moral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that One Daily Multivitamin has qualities and benefits, including quantities of "whole food" nutrients that it does not have. The product label misleads and deceives consumers into believing that One Daily Multivitamin does not contain magnesium stearate when it in fact does contain magnesium stearate.

94. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Business & Professions Code §§ 17200 et seq., by engaging in the false advertising and promotion of Resveratrol as, *inter alia*, from "whole foods" as described above. Defendant also failed to disclose the presence of magnesium stearate.

95. Plaintiff and other members of the class could not reasonably have avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

**CLASS ACTION COMPLAINT**

96. Defendant could have and should have furthered its legitimate business interests by expressly indicating on its packaging and website the exact amount of vitamins and minerals obtained from whole foods and from synthetic or processed sources. Further, it is not unreasonably difficult for Defendant to disclose the presence of magnesium stearate.[19]

### c. "Fraudulent" Prong

97. Defendant's claims and misleading statements were false, misleading and/or likely to deceive the consuming public within the meaning of § 17200. Without limitation, it is a fraudulent act or business act or practice for Defendant to knowingly or negligently represent to Plaintiffs, whether by conduct, orally or in writing by:

(a) intentionally and misleadingly designing the product's front label by displaying the product's name "One Daily Multivitamin" from "MegaFood" along with prominently depicting whole fruits and vegetables which occupy a significant part of the front label, with the claim "from whole foods" and "Fresh From Farm to Tablet," while One Daily Multivitamin predominately contains vitamins and minerals from synthetic sources (or contains much less vitamins and minerals from whole foods than consumers reasonably expect based upon Defendant's representations alleged herein concerning One Daily Multivitamin);

(b) intentionally and misleadingly designing the product's Supplement Facts panel to state whole foods as the source for the vitamins and minerals contained within One Daily Multivitamin without indicating how much of the vitamins and minerals actual

---

[19] Other producers/sellers of dietary supplements clearly and unambiguously disclose the presence and use of magnesium stearate, such as Solgar's Earth Source Multi-Nutrient. *See*: http://www.solgar.com/SolgarProducts/Earth-Source-Multi-Nutrient-Tablets.htm.

Kazerouni Law Group, APC

are provided from synthetic or processed sources;

(c) intentionally creating Defendant's website to mislead and deceive consumers into believing that One Daily Multivitamin does not contain magnesium stearate when it in fact does contain magnesium stearate; and

(d) intentionally creating Defendant's website to mislead and deceive consumers into believing that One Daily Multivitamin primarily contains vitamins and minerals from whole foods without adequately identifying that the primary source of the vitamins and minerals is from synthetic or processed sources, while frequently and predominantly associating One Daily Multivitamin with whole fruits and vegetables, and without any depiction of synthetic sources.

98. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

99. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers in that they will continue to be misled into purchasing One Daily Multivitamin on false premises.

100. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, the One Daily Multivitamin product, due to the unlawful acts of Defendant.

101. Thus, Defendant caused Plaintiff and other members of the Class to purchase One Daily Multivitamin on false premises during the Class Period.

102. Defendant has engaged in unlawful, unfair and fraudulent business acts or

Kazerouni Law Group, APC

practices, entitling Plaintiff to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Pursuant to Business & Professions Code § 17203, as result of each and every violation of the UCL, which are continuing, Plaintiff is entitled to restitution from against Defendant, as set forth in the Prayer for Relief.

103. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiff and members of the putative class have been injured because they overpaid for One Daily Multivitamin, since the value of the supplement was diminished at the time of sale. Plaintiff and members of the class of been injured because had they been made aware that the One Daily Multivitamin product contains vitamins and minerals from synthetic or processed sources and little vitamins and minerals from whole foods, (or much less than consumers reasonably expect based upon Defendant's representations alleged herein), and contained magnesium stearate, they would have not purchased the supplement, would have paid less for it, or would purchased a different multivitamin supplement.

104. Defendant, through its acts of unfair competition, has unfairly acquired money from Plaintiff and members of the putative class. It is impossible for the Plaintiff to determine the exact amount of money that Defendant has obtained without a detailed review of the Defendant's books and records. Plaintiff requests that this Court restore this money and enjoin Defendant from continuing to violate California Business & Professions Code § 17200 et seq., as discussed above.

105. Plaintiff further seeks an order requiring Defendant to make full restitution of all moneys wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

106. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*,

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

California Civil Code section 1021.5.

## IV. FOURTH CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION

107. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

108. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant represented to the public, including Plaintiff, by packaging and other means, that One Daily Multivitamin provided vitamins and minerals form whole foods processed in Defendant's Slo-Food Process and not synthetic or processed nutrients along with prominently depicting whole fruits and vegetables that occupy a significant portion of the picture part of the front label, with the claim "Fresh from Farm to Tablet" and "Whole Food Multivitamin & Mineral Dietary Supplement."

109. Defendant's representations were untrue in that One Daily Multivitamin does not provide vitamins and minerals only from whole foods, and certainly not in the amounts listed on the label and fails to identity any other sources of vitamins and minerals that are in each individual tablet.

110. Defendant also intentionally failed to disclose that the One Daily Multivitamin product contained magnesium stearate.

111. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase One Daily Multivitamin.

112. Plaintiff and other similarly situated persons in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased the products, as described above.

113. At all times relevant, Defendant made the misrepresentations herein

Kazerouni Law Group, APC

alleged, Defendant had no reasonable grounds for believing the representations to be true.

114. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for, the One Daily Multivitamin product, due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

### V. FIFTH CAUSE OF ACTION
### FOR INTENTIONAL MISREPRESENTATION

115. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations.

116. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant intentionally represented to the public, including Plaintiff, by packaging and other means, that One Daily Multivitamin provided vitamins and minerals from whole foods, not synthetic or processed sources, processed in Defendant's Slo-Food Process along with prominently depicting whole fruits and vegetables that occupy a significant portion of the picture part of the front label, with the claim "Fresh from Farm to Tablet" and "Whole Food Multivitamin & Mineral Dietary Supplement."

117. Defendant's representations were untrue in that One Daily Multivitamin does not provide vitamins and minerals only from whole foods, and certainly not in the amounts listed on the label and fails to identity any other sources of vitamins and minerals that are in each individual capsule.

118. Defendant also intentionally failed to disclose that the One Daily Multivitamin product contained magnesium stearate.

119. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase One Daily

Kazerouni Law Group, APC

1    Multivitamin.

2    120. Plaintiff and other similarly situated persons in California saw, believed,

3         and relied upon Defendant's advertising representations and, in reliance on

4         them, purchased the products, as described above.

5    121. At all times relevant, Defendant made the misrepresentations herein

6         alleged, Defendant knew the representations to be false.

7    122. As a proximate result of Defendant's intentional misrepresentations,

8         Plaintiff and other consumers similarly situated were induced to spend an

9         amount of money to be determined at trial on Defendant's product One

10        Daily Multivitamin.

11   123. Plaintiff is informed, and believes, and thereupon alleges, that Defendant

12        knew that One Daily Multivitamin was not as healthy as promoted, as it

13        does in fact not contain vitamins and minerals all from whole foods.

14        Defendant intended that consumers and the unknowing public should rely

15        on such representations and other representations as alleged herein. Plaintiff

16        and other consumers similarly situated, in purchasing and using the

17        products as herein alleged, did rely on Defendant's representations, all to

18        their damage and/or detriment, as herein alleged. By engaging in said acts,

19        Defendant is guilty of malice, oppression, and fraud, and each Plaintiff is

20        therefore entitled to recover exemplary or punitive damages.

**CLASS ACTION ALLEGATIONS**

22   124. Plaintiff and the members of the Class have all suffered injury in fact as a

23        result of the Defendant's unlawful and misleading conduct.

24   125. The "Class Period" means four years prior to filing of this action.

25   126. Plaintiff bring this lawsuit on behalf of herself and the other California

26        consumers similarly situated under Rule 23(b)(2) and (b)(3) of the Federal

27        Rules of Civil Procedure. Subject to additional information obtained

28        through further investigation and/or discovery, the proposed "Class"

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

consists of three classes: Class One, Class Two, and Class Three:

**Class One**

"All persons in California who purchased One Daily Multivitamin (30, 60 , 90, or 180 capsules); Adrenal Strength®, Alpha Teen™, Baby and Me™, Baby and Me™ - CA Blend, Baby and Me™  Herb Free, Baby and Me™  Herb Free – CA Blend, Balanced B Complex, Balanced Minerals, Blood Builder®, Bone, Boosters, Calcium, Calcium, Magnesium & Potassium, Complex C, E & Selenium, Extinguish™, GTF Chromium 100 mcg, Kid's One Daily, Kid's B Complex, Kid's Vitamin D3, Magnesium, Medi-Safe™, Men Over 40™, Men Over 40™ - CA Blend, Men Over 40™ One Daily, Men Over 55™, Men's, Men's – CA Blend, Men's One Daily, One Daily, One Daily Iron Free , Prostate Strength™, Quercetin Strength™ , Skin, Nails & Hair™, Skin, Nails & Hair™ - CA Blend, Selenuim, Thyroid Strength®, Ultra C-400, Un-Stress® , Vegan B12™, Vegan Daily™, Vegan Protect™ , Vision Strength®, Vitamin D3 1000 IU, Vitamin D3 2000 IU, Women Over 40™, Women Over 40™ - CA Blend, Women Over 40™ One Daily, Women Over 55™, Women's One Daily, Women's One Daily – CA Blend, Women's, Zinc, Antioxidants - 90 tablets, B Complex - 180 tablets, B Complex - 90 tablets, Baby & Me™ Trimester I & II - 120 tablets, Baby & Me™ Trimester III & Post - 120 tablets, Food Multi III BioMax - 180 tablets, Food Multi III BioMax - 90 tablets, GTF Chromium - 90 tablets, Homocysteine Response™ - 90 tablets, Iron Response - 90 tablets, JCTH® - 180 tablets, JCTH® - 90 tablets, Men Over 40 One Daily Iron Free - 60 tablets, Men Over 40™ Iron Free -

120 tablets, Mens One Daily Iron Free - 60 tablets, One Daily - 90 tablets, One Daily Iron Free - 90 tablets, Proteolytic Enzyme Clinical Strength - 120 capsules, Selenium - 90 tablets, Tension Defense™ - 114 G, Thyroid Response® Complete Care - 90 tablets, Vitamin C-400 - 180 tablets, Vitamin D-3 2,000 IU - 180 tablets, Vitamin D-3 2,000 IU - 60 tablets, Vitamin D-3 2,000 IU - 90 tablets, Women Over 40™ - 120 tablets, Women Over 40™ - 60 tablets, Women Over 40™ One Daily - 60 tablets, Womens Multi - 60 tablets, Womens One Daily - 60 tablets, formulated and distributed by Defendant, within four years prior to the filing of this action."

Excluded from Class One are Defendant and any of its officers, directors, and employees, or anyone who purchased One Daily Multivitamin (or Defendant's other products purporting to contain vitamins and minerals from only whole foods) for the purposes of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

### Class Two

"All persons in California who purchased One Daily Multivitamin (30, 60 , 90, or 180 capsules); Acute Defense, Daily Energy, Daily C Protect, Daily Turmeric Nutrient Booster, Turmeric Strength for Whole Body, and/or Acute Defense (Innate Response Formulas) capsules formulated and distributed by Defendant, within four years prior to the filing of this action."

Excluded from Class Two are Defendant and any of its officers, directors, and employees, or anyone who purchased One Daily Multivitamin (or Defendant's other products where the presence of magnesium stearate was

Kazerouni Law Group, APC

---

**CLASS ACTION COMPLAINT**

not disclosed) for the purposes of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

### Class Three

"All persons in California who purchased One Daily Multivitamin (30, 60 , 90, or 180 capsules); Dream Release™, Tension Release™, Wild Blueberry, Adrenal Response® - 60 tablets, Adrenal Response® - 90 tablets, Adrenal Response® Complete Care - 90 tablets, Allergy Response™- 60 capsules, C Complete Powder 81 G, CoEnzyme B Complex - 60 capsules, Complete Multi Powder 195 G, CoQ10 - 100 mg 30 capsules, CoQ10 - 100 mg 60 capsules, DysBio-GI - 90 capsules, Gluco-Defense™ - 60 capsules, Immune Response™ - 60 capsules, Inflama-Complete™ - 90 Capsules, One Daily Cap - 60 capsules, Vessel Defense™ - 60 capsules, Vitamin D 5,000 IU - 60 capsules formulated and distributed by Defendant, within four years prior to the filing of this action."

Excluded from Class Three are Defendant and any of its officers, directors, and employees, or anyone who purchased One Daily Multivitamin (or Defendant's other products where the presence of magnesium stearate was not disclosed) for the purposes of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

127. ***Ascertainability.*** The members of the Class are readily ascertainable by resort to Defendant's records and/or Defendant's agent's records, including in-store and online sales, as well as through public notice.

128. ***Numerosity***. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and

Kazerouni Law Group, APC

---

**CLASS ACTION COMPLAINT**

on that basis alleges, that the proposed class contains several thousands of members.

129. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

    (a)    Whether One Daily Multivitamin, contain synthetic nutrients as the predominant source of vitamins and minerals;

    (b)    Whether One Daily Multivitamin contains magnesium stearate;

    (c)    Whether FoodState's claims alleged herein are untrue, or are misleading, or reasonably likely to deceive;

    (d)    Whether FoodState's misrepresentations and/or omissions regarding its other products containing vitamins and minerals from whole foods, i.e., Class One: Adrenal Strength®, Alpha Teen™, Baby and Me™, Baby and Me™ - CA Blend, Baby and Me™  Herb Free, Baby and Me™  Herb Free – CA Blend, Balanced B Complex, Balanced Minerals, Blood Builder®, Bone, Boosters, Calcium, Calcium, Magnesium & Potassium, Complex C, E & Selenium, Extinguish™, GTF Chromium 100 mcg, Kid's One Daily, Kid's B Complex, Kid's Vitamin D3, Magnesium, Medi-Safe™, Men Over 40™, Men Over 40™ - CA Blend, Men Over 40™ One Daily, Men Over 55™, Men's, Men's – CA Blend, Men's One Daily, One Daily, One Daily Iron Free , Prostate Strength™, Quercetin Strength™ , Skin, Nails & Hair™, Skin, Nails & Hair™ - CA

Kazerouni Law Group, APC

---

**CLASS ACTION COMPLAINT**

Blend, Selenuim, Thyroid Strength®, Ultra C-400, Un-Stress® , Vegan B12™, Vegan Daily™, Vegan Protect™ , Vision Strength®, Vitamin D3 1000 IU, Vitamin D3 2000 IU, Women Over 40™, Women Over 40™ - CA Blend, Women Over 40™ One Daily, Women Over 55™, Women's One Daily, Women's One Daily – CA Blend, Women's, Zinc, Antioxidants - 90 tablets, B Complex - 180 tablets, B Complex - 90 tablets, Baby & Me™ Trimester I & II - 120 tablets, Baby & Me™ Trimester III & Post - 120 tablets, Food Multi III BioMax - 180 tablets, Food Multi III BioMax - 90 tablets, GTF Chromium - 90 tablets, Homocysteine Response™ - 90 tablets, Iron Response - 90 tablets, JCTH® - 180 tablets, JCTH® - 90 tablets, Men Over 40 One Daily Iron Free - 60 tablets, Men Over 40™ Iron Free - 120 tablets, Mens One Daily Iron Free - 60 tablets, One Daily - 90 tablets, One Daily Iron Free - 90 tablets, Proteolytic Enzyme Clinical Strength - 120 capsules, Selenium - 90 tablets, Tension Defense™ - 114 G, Thyroid Response® Complete Care - 90 tablets, Vitamin C-400 - 180 tablets, Vitamin D-3 2,000 IU - 180 tablets, Vitamin D-3 2,000 IU - 60 tablets, Vitamin D-3 2,000 IU - 90 tablets, Women Over 40™ - 120 tablets, Women Over 40™ - 60 tablets, Women Over 40™ One Daily - 60 tablets, Womens Multi - 60 tablets, Womens One Daily - 60 tablets, Class Two: One Daily Multivitamin (30, 60 , 90, or 180 capsules); Dream Release™, Tension Release™, Wild Blueberry, Adrenal Response® - 60 tablets, Adrenal Response® - 90 tablets, Adrenal Response® Complete Care - 90 tablets, Allergy Response™- 60 capsules, C Complete Powder 81 G, CoEnzyme B Complex - 60

**CLASS ACTION COMPLAINT**

capsules, Complete Multi Powder 195 G, CoQ10 - 100 mg 30 capsules, CoQ10 - 100 mg 60 capsules, DysBio-GI - 90 capsules, Gluco-Defense™ - 60 capsules, Immune Response™ - 60 capsules, Inflama-Complete™ - 90 Capsules, One Daily Cap - 60 capsules, Vessel Defense™ - 60 capsules, Vitamin D 5,000 IU - 60 capsules are substantially similar to the misrepresentations and/or omissions regarding the One Daily Multivitamin product such that Plaintiff has standing to sue FoodState for such products despite no allegation from Plaintiff that Plaintiff purchased those products;

(e) Whether Defendant's conduct is an unlawful act or practice within the meaning of California Business & Professions Code § 17200;

(f) Whether Defendant's conduct is a deceptive act or practice within the meaning of California Business & Professions Code § 17200;

(g) Whether Defendant's conduct is an unfair act or practice within the meaning of California Business & Professions Code § 17200;

(h) Whether Defendant's advertising is untrue or misleading with the meaning of California Business & Professions Code § 17500;

(i) Whether Defendant's advertising is untrue or misleading in violation of California Health And Safety Code § 110660;

(j) Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class; and,

(k) Whether Plaintiff and proposed members of the Class are

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

entitled to restitution and/or disgorgement of FoodState's.

130. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff, like members of the proposed Class, purchased One Daily Multivitamin after exposure to virtually the same material misrepresentations and/or omissions appearing on the product packaging, and on Defendant's website, and received a product that contained little vitamins and minerals from whole foods (or much less than consumers reasonably expect from Defendant's representations), and which product contained magnesium stearate without disclosure of it presence by Defendant. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class. Food State's misrepresentations and/or omissions regarding its other products containing whole foods and magnesium stearate, i.e., Class One: Adrenal Strength®, Alpha Teen™, Baby and Me™, Baby and Me™ - CA Blend, Baby and Me™ Herb Free, Baby and Me™ Herb Free – CA Blend, Balanced B Complex, Balanced Minerals, Blood Builder®, Bone, Boosters, Calcium, Calcium, Magnesium & Potassium, Complex C, E & Selenium, Extinguish™, GTF Chromium 100 mcg, Kid's One Daily, Kid's B Complex, Kid's Vitamin D3, Magnesium, Medi-Safe™, Men Over 40™, Men Over 40™ - CA Blend, Men Over 40™ One Daily, Men Over 55™, Men's, Men's – CA Blend, Men's One Daily, One Daily, One Daily Iron Free , Prostate Strength™, Quercetin Strength™ , Skin, Nails & Hair™, Skin, Nails & Hair™ - CA Blend, Selenuim, Thyroid Strength®, Ultra C-400, Un-Stress® , Vegan B12™, Vegan Daily™, Vegan Protect™ , Vision Strength®, Vitamin D3 1000 IU, Vitamin D3 2000 IU, Women Over 40™, Women Over 40™ - CA Blend, Women Over 40™ One Daily, Women Over 55™, Women's One Daily, Women's One Daily – CA Blend,

Women's, Zinc, Antioxidants - 90 tablets, B Complex - 180 tablets, B Complex - 90 tablets, Baby & Me™ Trimester I & II - 120 tablets, Baby & Me™ Trimester III & Post - 120 tablets, Food Multi III BioMax - 180 tablets, Food Multi III BioMax - 90 tablets, GTF Chromium - 90 tablets, Homocysteine Response™ - 90 tablets, Iron Response - 90 tablets, JCTH® - 180 tablets, JCTH® - 90 tablets, Men Over 40 One Daily Iron Free - 60 tablets, Men Over 40™ Iron Free - 120 tablets, Mens One Daily Iron Free - 60 tablets, One Daily - 90 tablets, One Daily Iron Free - 90 tablets, Proteolytic Enzyme Clinical Strength - 120 capsules, Selenium - 90 tablets, Tension Defense™ - 114 G, Thyroid Response® Complete Care - 90 tablets, Vitamin C-400 - 180 tablets, Vitamin D-3 2,000 IU - 180 tablets, Vitamin D-3 2,000 IU - 60 tablets, Vitamin D-3 2,000 IU - 90 tablets, Women Over 40™ - 120 tablets, Women Over 40™ - 60 tablets, Women Over 40™ One Daily - 60 tablets, Womens Multi - 60 tablets, Womens One Daily - 60 tablets, Class Two: Acute Defense, Daily Energy, Daily C Protect, Daily Turmeric Nutrient Booster, Turmeric Strength for Whole Body, Acute Defense (Innate Response Formulas), Class Three: One Daily Multivitamin (30, 60 , 90, or 180 capsules); Dream Release™, Tension Release™, Wild Blueberry, Adrenal Response® - 60 tablets, Adrenal Response® - 90 tablets, Adrenal Response® Complete Care - 90 tablets, Allergy Response™- 60 capsules, C Complete Powder 81 G, CoEnzyme B Complex - 60 capsules, Complete Multi Powder 195 G, CoQ10 - 100 mg 30 capsules, CoQ10 - 100 mg 60 capsules, DysBio-GI - 90 capsules, Gluco-Defense™ - 60 capsules, Immune Response™ - 60 capsules, Inflama-Complete™ - 90 Capsules, One Daily Cap - 60 capsules, Vessel Defense™ - 60 capsules, Vitamin D 5,000 IU - 60 capsules are substantially similar to the misrepresentations and/or omissions regarding the One Daily Multivitamin product. Defendant has no defenses unique to the Plaintiff.

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

131. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experience in consumer protection law, including class actions. Plaintiff has no adverse or antagonistic interest to those in the Class, and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of the Plaintiff and proposed Class.

132. ***Superiority***. A class-action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

133. Unless a Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide restitution is permitted as compensation and as a deterrent, Defendant will also likely continue to advertise, market, promote and package One Daily Multivitamin in an unlawful and misleading manner, and members of the Class will continue to be misled and denied their rights under California law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff and Class members be awarded damages from Defendant as follows:

a. Certifying the Class as requested herein;

b. An order requiring imposition of a constructive trust to pay restitution to Plaintiff and all members of the Class and to restore to the plaintiff and members of the class all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

c. Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

d. Statutory prejudgment and post judgment interest;

e. Special, general, and compensatory damages to Plaintiff and Class members;

f. Costs of this suit;

g. Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

h. Awarding any and all other relief that this Court deems necessary or appropriate.

Dated: January 13, 2015                    **KAZEROUNI LAW GROUP, APC**

                                           BY: /S/ ABBAS KAZEROUNIAN
                                                ABBAS KAZEROUNIAN, ESQ.
                                                ATTORNEYS FOR PLAINTIFF

**Trial By Jury**

134. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 13, 2015                    **KAZEROUNI LAW GROUP, APC**

                                           BY: /S/ ABBAS KAZEROUNIAN
                                                ABBAS KAZEROUNIAN, ESQ.
                                                ATTORNEYS FOR PLAINTIFF

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**