1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KATHLEEN HOLT, et al.

Plaintiffs,

v.

FOODSTATE, INC.,

Defendant.

Case No.:  3:15-cv-00078-L-JMA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [Doc. 26]**

    Pending before the Court is Defendant's Motion to Dismiss portions of Plaintiffs' Second Amended Complaint.  The Court decides the matter on the papers submitted and without oral argument.  See Civ. L. R. 7.1(d)(1).  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

//
//
//
//
//
//
//
//

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.    BACKGROUND

Defendant Foodstate, Inc. ("Defendant") is a producer of various health and dietary supplements.  Plaintiffs Kathleen Holt and Jose Ruvalcaba ("Plaintiffs") purchased and consumed two different vitamin products that Defendant produces: One Daily Multivitamin and Men's One Daily.  (SAC [Doc. 25] ¶¶ 29–39.)  Plaintiffs allege, on behalf of themselves and all others similarly situated, that Defendant falsely represents that its products are either entirely or largely from whole food sources when in fact they are also derived from synthetic sources.  (Id. ¶ 1.)  Plaintiffs also allege that Defendant fails to disclose the presence of magnesium stearate in its products.  (Id.)  Neither of the plaintiffs in this action allege that they actually purchased or consumed 107 of the 109 different products produced by Defendant that form the basis of this putative class action.

On January 1, 2016, Plaintiffs filed a Second Amended Complaint alleging violations of (1) California Business and Professions Code §§ 17500 et seq. (the "FAL"); (2) California Health and Safety Code §§ 110660 et seq. ("Sherman Law"); (3) California Business and Professions Code §§ 17200 et seq. (the "UCL"); (4) negligent misrepresentation; and (5) intentional misrepresentation.  (See SAC.)  Defendant now moves to dismiss all claims to the extent they are based on products Plaintiffs have not purchased or the omission of the presence of magnesium stearate on the ingredient labels. (See MTD.)  Plaintiffs Oppose.  (See Opp'n [Doc. 28].)

# II.    LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if doubtful in fact," are assumed to be true.  *Id.*  The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]."  *Gompper v. VISX,*

*Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964–65 (2007) (internal citations and quotation marks omitted).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by the parties.  *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds).  Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions.  *Id.*  The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

//
//
//
//
//
//
//

III.   **S**TANDING TO ASSERT CLAIMS AS TO UNPURCHASED PRODUCTS

Under Article III, a plaintiff lacks standing to bring a claim unless they suffered an injury-in-fact as a result of the complained of conduct.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Here, there is no dispute that Plaintiffs have adequately alleged standing as to the two products they purchased.  Defendant's argument is that Plaintiffs lack standing to bring claims based upon the 107 products Plaintiffs have not alleged to have purchased.  (MTD 6:10–11:17; Reply [Doc. 29] 2:18–5:2.)

"There is no controlling authority on whether [a plaintiff] has standing to bring claims on behalf of others for a product that is similar (but not identical) to the product that [the plaintiff] purchased."  *Dorfman v. Nutramax Laboratories, Inc.*, 2013 WL 5353043 *6 (S.D. Cal. 2013).  However, most courts that have carefully considered the issue have held that standing in this context exists only if there is a "substantial similarity" between the purchased and unpurchased products.  *Id.* at *7.  In its previous order, this Court adopted the "substantial similarity" standard articulated in *Dysthe v. Basic Research LLC,* 2011 WL 5868307 (C.D. Cal. 2011) and dismissed the claims as to the unpurchased products because the First Amended Complaint failed to allege a similarity regarding ingredients and packaging between *all* of the purchased and unpurchased products.  (Dec. 31, 2015 Order [Doc. 24] 4:24–5:16.)

In their Opposition, Plaintiffs do not point to a single alleged fact in the Second Amended Complaint that cures this deficiency.  After scouring the Second Amended Complaint, the Court has found only the following commonalities as to the ingredients and packaging of all products: (1) each product presents supplemental fact information in the same format; (2) each product uses S. Cerevisaie as a base ingredient; and (3) each product lists a "Vegetable Lubricant" as an ingredient.  None of the authority cited by Plaintiff has found substantial similarity between products with such minimal commonality.

Furthermore, there is a common denominator extending through all cases cited by Plaintiffs in their Opposition: the purchased and unpurchased products serve the same

purpose.  Plaintiff cites to *Dorfman v. Nutramax Laboratories, Inc.*, 2013 WL 5353043 (S.D. Cal. 2013) (two lines of joint health supplements that shared all of the same primary ingredients are substantially similar); *Simpson v. California Pizza Kitchen, Inc.*, 989 F. Supp. 2d 1015, 1023 n.2 (S.D. Cal. 2013) (frozen pizzas produced by same manufacturer are substantially similar); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766 *13 (N.D. Cal. 2012) (different flavors of ice cream produced by same manufacturer are substantially similar); and *Anderson v. Jamba Juice*, 888 F. Supp. 2d 1000, 1005–6 (N.D. Cal. 2012) (different flavors of smoothie kits produced by same manufacturer are substantially similar).  (See Opp'n 7:15–9:16.)  Joint supplements share the common feature of improving joint health, and different flavors of pizza, ice cream, and smoothies all share the same purpose of providing a pleasant taste and/or satiating the appetite.  The same is not true of the 109 products mentioned in the Second Amended Complaint, which serve such diverse purposes as boosting energy levels (SAC ¶ 84), minimizing allergic responses to allergies (Id. ¶ 95); enhancing restful sleep (Id. ¶ 89), boosting the immune system (Id. ¶ 103), and providing nutrional support for fetuses at different stages of pregnancy (Id. ¶¶ 56, 57).  Given this diversity of functions between the products, and because Plaintiff's have failed to articulate any meaningful commonality as to ingredients or packaging, the Court finds that Plaintiffs have failed to allege standing as to the 107 products they did not purchase.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss with respect to these products.  Because Plaintiffs have already amended their complaint twice and the Court's previous Order provided clear guidance on how to successfully amend, this dismissal is with prejudice.

*//*

*//*

*//*

*//*

*//*

*//*

**IV.    FEDERAL RULE OF CIVIL PROCEDURE 9(b)**

Defendant contends the Court should dismiss the fraud based claims as to both the purchased and unpurchased products for lack of adequate particularity.  (See MTD 11:18–14:3; Reply 5:3–6:11.)  Because the Court has already dismissed with prejudice all of Plaintiffs' claims as to the unpurchased products, the following analysis focuses only on the purchased products.

Under Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Fraud allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations and quotation marks omitted).  Thus, to satisfy Rule 9(b), the plaintiff must state the requisite "who, what, when, where, and how" of the representation as well as an explanation of why the representation is false.  *Id*.

In its previous Order, the Court dismissed without prejudice Plaintiffs' claims based upon allegations that Defendant fraudulently failed to disclose the presence and use of "Magnesium Stearate, Calcium Stearate or any other Stearate/Stearic Acid. . ." (Dec. 31 Order 10:24–12:2.)  The Court reasoned that these allegations failed to pass muster under Rule 9(b) because they did not put Defendant on notice as to exactly which stearate or stearic acid additive Defendant allegedly used to produce the Purchased Products yet failed to disclose on the label.  (Id.)

Defendants argue that Plaintiff's Second Amended Complaint fails to cure this deficiency.  The Court disagrees.  Unlike the First Amended Complaint, which was vague as to which specific additive was fraudulently omitted from the label, the Second Amended Complaint specifically identifies magnesium stearate as the stearic acid additive which, though allegedly contained in the products, is omitted from the product labels.  (SAC ¶ 1.)  Accordingly, the Court **DENIES** Defendant's Motion to the extent it seeks dismissal of the magnesium stearate claims under Fed. R. Civ. P. 9(b).

**V.   SAFE HARBOR RULE**

Defendant contends that Plaintiffs' UCL claims are barred by the safe harbor rule to the extent they are based on the omission of magnesium stearate from the ingredient labels.  (MTD 14:5–15:2; Reply 7:5–26.)  Under the Safe Harbor Rule, there can be no UCL liability for engaging in conduct that is clearly permitted by California's regulatory regime.  *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 (9th Cir. 2011).  However, Defendant's motion fails to cite to any California state law for the proposition that they need not disclose the presence of magnesium stearate.[1]  Accordingly, the Court finds Defendant's Safe Harbor argument unpersuasive.

**VI.   CONCLUSION AND ORDER**

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's Motion to Dismiss.  All claims based upon products which neither Plaintiff alleges to have purchased are hereby dismissed with prejudice.

IT IS SO ORDERED

Dated:  September 6, 2016

Hon. M. James Lorenz
United States District Judge

CC: The Honorable Jan M. Adler

---

[1] Defendant's argument that 21 C.F.R. 101(a)(3)(ii) preempts Plaintiffs' UCL claim is unpersuasive for the reasons noted in the Court's previous Order.  (See Dec. 31, 2015 Order 6:4–7:24.)

7

3:15-cv-00078-L-JMA